70 F.3d 110
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Virginia RONAN, Plaintiff, Appellant,
v.
U.S. ENVIRONMENTAL PROTECTION AGENCY, Defendant, Appellee.
 No. 94-2049.
 United States Court of Appeals, First Circuit.
 Nov. 16, 1995.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge ]
 Virginia G. Ronan, on brief pro se.
 Donald K. Stern, United States Attorney, and Cheryl L. Conner, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 In an earlier decision, this court reversed a summary judgment against appellant Ronan and remanded for a trial her claims of gender and age discrimination in the denial of a promotional opportunity by her employer, the EPA. Ronan v. U.S. Environmental Protection Agency, No. 89-1566, slip op. at 3 (1st Cir. Mar. 27, 1990) (per curiam ). Following a bench trial held over a three day period, the district court awarded judgment in favor of the EPA. The court found that while Ronan had established a prima facie case, she had not shown that the EPA's proof of neutral, non-discriminatory reasons for the decision concealed a prohibited discriminatory motive or act. In short, the trial court found credible the testimony of the EPA employees who made the decision.
 
 
 2
 Having carefully reviewed the transcripts and briefs, we find no clear error in the court's factual findings. See Lussier v. Runyon, 50 F.3d 1103, 1111 (1st Cir.1995) (district court's factual findings in a bench trial are reviewed only for "clear error"). The trial judge's choice between plausible competing inferences is entitled to deference on review, especially when the choice is informed by an assessment of the demeanor and credibility of the witnesses. See Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985); Cumpiano v. Banco Santander P.R., 902 F.2d 148, 152 (1st Cir.1990); Williams v. Poulos, 11 F.3d 271, 278 (1st Cir.1993) (credibility).
 
 
 3
 We find no support in the record for appellant's bald assertions that the court failed to conduct an impartial trial, did not rule on her motions, and unfairly disfavored her cause in evidentiary rulings and the denial of appointed counsel. To the contrary, the record reflects that the court ruled on every motion, conducted a fair and orderly hearing without prejudicial error, and was solicitous of appellant's pro se status throughout. No exceptional reason requiring an appointment of counsel is suggested. We also see no error in the denial of appellant's jury demand in light of Landgraf v. USI Film Prods., 114 S.Ct. 1483 (1994), nor in the dismissal of her attempt to retry a retaliation claim that had been rejected in a collateral forum, and never appealed.
 
 
 4
 Appellant lists as error some forty-eight district court orders, many of which were entered prior to the summary judgment appeal and remand of her claims for trial. We fail to see the relevance of these early procedural rulings to the issues on this appeal. Any perceived substantive errors were waived, at the latest with appellant's filing of an amended complaint after remand. For like reason, we find no abuse in the court's rejection of appellant's motions to supplement the record with archival documents relating to irrelevant early rulings.
 
 
 5
 We have reviewed the record with care. It contains all the docketed items needed for a thorough airing of the issues. We appreciate appellant's concern about a missing partial transcript containing the testimony of witness William Chenoweth (Dkt.160). Its absence, however, has caused her no prejudice in this court. A full transcript of the proceedings was certified to us on appeal. Chenoweth's testimony, in its entirety, has been considered by the court along with the rest of the record. The occasional docketing errors to which appellant points, and mistakes in the EPA's appellate filings, also have caused no prejudice to appellant.
 
 
 6
 Accordingly, the judgment below is affirmed. Appellant's motion "for Correction and Modification of the Record," and "Petition for Judicial Opinion on Denial of Constitutional Rights," including attachments labelled as motions, "In Objection to Harassment and Violations by the U.S. District Court and U.S. Court of Appeals," "In Objection to Harassment and Abusive Use of Power by Clerks and Judges" and "In Objection to Denial of Access to United States Courts," are denied.